UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>v.<br><br>NICHOLAS BOWERMAN,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 24-CV-12282-AK<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

**ANGEL KELLEY, D.J.**

On September 5, 2024, Plaintiff Securities and Exchange Commission ("SEC") filed the above-captioned action against Defendant Nicholas Bowerman. [Dkt. 1]. The SEC filed a motion for entry of default on October 29, 2024. [Dkt. 6]. For the following reasons, the SEC's motion for entry of default [Id.] is **DENIED WITHOUT PREJUDICE**, subject to a renewed filing consistent with the below.

**I.   DISCUSSION**

The Federal Rules of Civil Procedure provides, in relevant part, "an individual . . . may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f). As Defendant Nicholas Bowerman is a resident of the United Kingdom, service was required in line with the above provision.

1

Both the United States and United Kingdom are signatories to the Hague Service Convention (the "Convention"). Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (entered into force Feb. 10, 1969) [hereinafter Hague Service Convention]. Where Article 1 of the Convention applies, the Convention dictates the exclusive means to provide U.S. service to a U.K. individual. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988). The Convention provides multiple methods for proper service. The first is through a Central Authority of the State, as described in Articles 2 and 3. The Central Authority receives requests for service from other Contracting States and proceeds in conformity with the provisions of the Convention. Hague Service Convention, arts. 2-3. Here, where service is made outside of the U.K. Central Authority, Article 10(b) governs, providing an alternative means for proper service. Id. art. 10(b).

Under Article 10(b), service is proper when a "competent person[]" of the State of origin effects service through another "competent person[]" of the State of destination. Id. Under U.S. law, attorneys are "competent persons" to initiate service under Article 10(b). Fed. R. Civ. P. 4(c)(2); see, e.g., Charleston Aluminum, LLC v. Ulbrinox S. De R.L. de S.V., No. 12-2389, 2013 WL 152895, at *2 (D.S.C. Jan. 15, 2013) (construing largely parallel language under Convention Article 3 to include attorneys as "competent" to effect international service). Thus, SEC attorneys properly initiated Article 10(b) service. [Dkt. 5].

Courts then turn to internal service rules of the destination State to determine who is a "competent person" under the laws of that State. Hague Service Convention, art. 10(b); Volkswagenwerk Aktiengesellschaft, 486 U.S. at 700-04. U.K. internal service rules are clear: Personal service of foreign process must be effected by a solicitor. Hague Conference on Private

2

International Law, <u>Conclusions and Recommendations Adopted by the Special Commission on the Practical Operation of the Hague Apostille, Evidence and Service Conventions</u>, ¶ 58 (November 2003), https://assets.hcch.net/docs/0edbc4f7-675b-4b7b-8e1c-2c1998655a3e.pdf ("[T]he UK confirmed its position . . . indicating its preference for the use of direct service through English solicitors on residents of England and Wales."); <u>Declarations of the United Kingdom on the Hague Service Convention</u>, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=427&disp=resdn (last visited Nov. 21, 2024) (quoting a September 11, 1980 letter stating, "our declaration does not preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in the United Kingdom 'directly' through a competent person other than a judicial officer or official, e.g., *a solicitor*.") (emphasis added); <u>see also</u> <u>Thomas & Thomas Rodmakers, Inc. v. Sharpe's, Inc.</u>, No. 06-CV-421, 2007 WL 1057382, at *5 (S.D. Ohio Apr. 5, 2007) ("[P]ersonal service of foreign process in the United Kingdom [under Article 10] must be accomplished by a solicitor.").

      Here, the SEC attorney's Affidavit of Service (the "Affidavit") reflects only that a "private process server" personally served the Complaint and Summons on Defendant Nicholas Bowerman. [Dkt. 5-1]. That Affidavit does not reflect that such personal service was conducted through a solicitor in the United Kingdom. <u>Id.</u> Thus, the Affidavit fails to show that such service complies with the Convention, and by extension, Fed. R. Civ. P. 4(f).

      Attorneys for the Plaintiff are ordered to provide proof, such as by additional affidavit, that service by a "private process server" was initiated through a solicitor in the United Kingdom, which is necessary to comply with Convention requirements. Otherwise, Plaintiff shall provide good cause why service has not been made, as prescribed by Fed. R. Civ. P. 4(m).

Following a showing of proof of service as to Defendant Bowerman, Plaintiff may renew its request for entry of default, pursuant to Fed. R. Civ. P. 55(a).

## II.  CONCLUSION

For the foregoing reasons, the SEC's motion for entry of default [Dkt. 6] is **DENIED WITHOUT PREJUDICE**, subject to a renewed filing consistent with the above.

**SO ORDERED.**

Dated: November 22, 2024                     /s/ Angel Kelley
                                             Hon. Angel Kelley
                                             United States District Judge